IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TRAVIS KIM,<br><br>Defendant. | CR. NO. 21-00044 JMS (01)<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION (COMPASSIONATE RELEASE), ECF NO. 64 |

### ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION (COMPASSIONATE RELEASE), ECF NO. 64

### I. INTRODUCTION

Defendant Travis Kim ("Defendant") moves for compassionate release from Federal Detention Center Honolulu ("FDC Honolulu"), pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 64. He argues that a reduction of his sentence is warranted because of his wife's "state of depression." *Id.* at PageID # 383; *see also* ECF No. 64-9 at PageID # 437. The court DENIES Defendant's Motion for the reasons provided below.

### II. BACKGROUND

Defendant is 29 years old and is currently incarcerated at FDC Honolulu with a projected release date of December 31, 2022. *See* https://www.bop.gov/inmateloc/ (last visited March 16, 2022). To date, Defendant has

served approximately 6 months in custody.  *See* ECF No. 66 at PageID # 446; ECF No. 54 at PageID # 292.  On May 3, 2021, Defendant pled guilty pursuant to a plea agreement to violating 18 U.S.C. § 371 by knowingly and intentionally conspiring to commit an offense against the United States, namely purloining federally insured bank funds entrusted to the custody and care of the Bank of Hawaii and the Central Pacific Bank, whose deposits were insured by the Federal Deposit Insurance Corporation, in violation of 18 U.S.C. § 656.  ECF No. 36 at PageID # 100; *see also* Presentence Investigation Report ("PSR"), ECF No. 49 at PageID ## 226–27.  The court held a sentencing hearing on August 16, 2021, finding that the 18–24 month guideline range was applicable and imposing a sentence of 18 months imprisonment to be followed by three years of supervised release.  ECF No. 50; ECF No. 54 at PageID ## 292–93.

On November 27, 2021, Defendant submitted a request for compassionate release to FDC Honolulu's warden.  ECF No. 64-8 at PageID # 435.  The warden rejected that request on December 8, 2021.  ECF No. 66-1 at PageID # 449.  Defendant filed the instant Motion on February 24, 2022, ECF No. 64,[1] and the government filed its Opposition on March 7, 2022, ECF No. 66.  The court decides the Motion without a hearing pursuant to Local Rule 7.1(c).

---

[1] A motion is deemed filed on the date an incarcerated defendant gave it to prison officials for mailing to the court.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (explaining
(continued . . . )

2

## III.  **DISCUSSION**

A.  **Legal Standard**

Defendant moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018 ("FSA"), which provides as relevant:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that—
>
>   (i) extraordinary and compelling reasons warrant such a reduction;
> . . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Accordingly, the court may reduce Defendant's sentence if (1) Defendant has exhausted the required administrative remedies; (2) the court finds there are "extraordinary and compelling reasons" warranting a sentence

---

prison mailbox rule); *Douglas v. Noelle*, 567 F.3d 1103, 1108–09 (9th Cir. 2009).  Although the Motion is undated, *see* ECF No. 64 at PageID # 384, the mailing envelope indicates that the Motion was processed for mailing by prison officials on February 24, 2022, ECF No. 64-4 at PageID # 421.  Thus, the court deems the Motion's filing date to be February 24, 2022.

reduction; and (3) the court considers the § 3553(a) factors, to the extent they are applicable, and determines that the reduction is warranted under the circumstances. *See United States v. Keller*, 2 F.4th 1278, 1283–84 (9th Cir. 2021).

Although the text of § 3582(c)(1)(A) also requires a sentence reduction to be "consistent with applicable policy statements issued by the United States Sentencing Commission," that requirement does not apply to this case, as there is currently no policy from the Sentencing Commission that is "applicable" to compassionate-release motions filed by a defendant rather than the Bureau of Prisons ("BOP") Director. *See United States v. Aruda*, 993 F.3d 797, 801–02 (9th Cir. 2021). Specifically, the Sentencing Commission's policy statement, United States Sentencing Guideline ("Guideline") § 1B1.13, was promulgated before the FSA provided criminal defendants the ability to file motions for compassionate release on their own behalf. *See Aruda*, 993 F.3d at 800. And, without a quorum, the Sentencing Commission has been unable to amend the Guidelines post-FSA. *Id.* at 800 n.1. This court is thus empowered to consider any extraordinary and compelling reason that warrants a sentence reduction. *See id.* at 801–02. In making this determination, "[t]he Sentencing Commission's statements in [§ 1B1.13] may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Aruda*, 993 F.3d at 802.

4

**B.    Defendant Has Exhausted His Administrative Remedies**

Defendant submitted a request for compassionate release to FDC Honolulu's warden on November 27, 2021, arguing that his wife's "suffering from separation disorder and depression" since his incarceration and his "need to restore [his] wife's mental condition" warrant compassionate release. ECF No. 64-8 at PageID # 435. The warden rejected Defendant's request on December 8, 2021. ECF No. 66-1 at PageID # 449. Defendant has thus complied with the exhaustion requirements in 18 U.S.C. § 3582(c)(1)(A), as the government concedes, ECF No. 66 at PageID # 443. *See United States v. Burdette*, 2020 WL 6375535, at *2 (E.D. Mich. Oct. 30, 2020) ("In order to fulfill the exhaustion requirement, Defendant's request to the BOP must explain the basis for his release.").

**C.    There Are No Extraordinary and Compelling Reasons Warranting a Reduction of Defendant's Sentence**

Defendant bears the burden to establish extraordinary and compelling reasons warranting compassionate release. *See, e.g.*, *United States v. Bogema*, 2020 WL 6150467, at *3 (D. Haw. Oct. 20, 2020) (citations omitted). As explained above, Defendant contends there are "extraordinary and compelling reasons" justifying compassionate release because his incarceration has caused his wife, Mrs. Kim, to enter a "state of depression," ECF No. 64 at PageID # 383, and because his presence at home with his wife is needed to remedy her depressive state, *see* ECF No. 64-9 at PageID # 437. *See also* ECF No. 64-8 at PageID # 435

5

("[With] Home Confinement, I will be able to restore my wife's mental condition . . . ."). Mrs. Kim's depressive state is quite serious, according to Defendant—it includes separation disorder, anxiety, and an extremely negative mindset. *See* ECF No. 64-8 at PageID # 435; ECF No. 64-9.[2] Defendant supports his contentions by submitting some of Mrs. Kim's medical records, including summaries from visits with a licensed clinical psychologist. *See* ECF No. 64-2 (sealed medical records).

Having reviewed all of the evidence—including the sealed medical records and the unredacted communications between Defendant and his wife—the court concludes there are not extraordinary and compelling reasons warranting a reduction of Defendant's sentence. The court is sympathetic to Defendant's situation and Mrs. Kim's mental depression, a serious issue that negatively impacts many individuals and society as a whole, especially during the COVID-19 pandemic. But the evidence submitted to the court does not constitute an extraordinary and compelling reason for reducing Defendant's sentence under 18 U.S.C. § 3582(c)(1)(A).

That conclusion is supported by the Sentencing Commission's statements in Guideline § 1B1.13, which are not binding on this court but nonetheless inform its discretion in adjudicating motions under § 3582(c)(1)(A).

---

[2] Although the court does not provide specifics in this Order, the court has reviewed all of Mrs. Kim's medical records, ECF No. 64-2.

*See Aruda*, 993 F.3d at 802.  The Commentary to § 1B1.13 specifies that, when a defendant's familial circumstances serve as the basis for a compassionate-release claim, there are extraordinary and compelling reasons justifying compassionate release in the event of:

>  (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
>  (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

*Id.*, Application Note 1(C).  The first provision is irrelevant because Mrs. Kim is not a caregiver to a child.  *See* PSR ¶ 50, ECF No. 49 at PageID # 234.

The second provision does not apply either, because Defendant's spouse is not "incapacitat[ed]."  Mrs. Kim's separation disorder, anxiety, and an extremely negative mindset do not render her incapacitated, as that term is used in § 1B1.13.  Although her mental state affects her ability to perform certain life activities, e.g., sleeping and focusing on assignments,[3] Defendant "does not indicate that she cannot otherwise care for herself." *United States v. Cole*, 2021 WL 5988422, at *4 (E.D. Tenn. Dec. 17, 2021) (denying compassionate release where defendant's wife's "illnesses" made her unable to attend doctor's

---

[3] The sealed medical records (ECF No. 64-2) demonstrate that Mrs. Kim's sleeping and working habits, in addition to a few other life activities, have been adversely affected by her depression.

7

appointments, pay bills, and grocery shop without assistance). Moreover, Defendant has not demonstrated that Mrs. Kim is suffering from a "severe cognitive deficit" "severely affect[ing] [her] mental capacity or function" in a manner similar to "Alzheimer's disease or traumatic brain injury." *United States v. Davis*, 2021 WL 829367, at *7 n.2 (E.D. Tenn. Mar. 4, 2021) (referencing § 1B1.13 for purposes of a compassionate-release motion and quoting the definition of "incapacitation" in Bureau of Prisons, *Compassionate Release/ Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)* 10 (2019), available at https://www.bop.gov/policy/progstat/ 5050_050_EN.pdf); *see also United States v. Harris*, 2021 WL 4204970, at *6 (W.D. Pa. Sept. 16, 2021) (noting that § 1B1.13's "Application Notes do not define 'incapacitation,'" and instead looking to the same Bureau of Prisons implementation procedures). In fact, notes from Mrs. Kim's psychological assessments indicate that despite her depression, she has maintained employment, is well groomed, holds conversations well, and looks forward to activities in her free time, such as spending time with her pet. *See* ECF No. 64-2.

      Even if the court were to find Mrs. Kim incapacitated for the purposes of this Motion, Defendant has failed to demonstrate that he is the "only available caregiver" for his wife. Guideline § 1B1.13, Application Note 1(C)(ii). Tellingly, Defendant states in his proposed release plan that he intends to reside at an address

8

in Waipahu, Hawaii, if released, and that his wife and three of her adult relatives currently reside at that address. *See* ECF No. 64-5 at PageID # 425. Defendant does not explain why those three relatives—which, again, live at the same location as his wife—are unable to care for his wife while he is incarcerated for the remainder of 2022. *Cf. United States v. Kelley*, 2020 WL 5500524, at *2 (D. Utah Sept. 11, 2020) ("[Defendant] has not demonstrated that his children's caregiver, Mrs. Kelley, is incapacitated or incapable of caring for herself or her children. Furthermore, Defendant concedes that Mrs. Kelley is assisted by Defendant's mother in caring for his children as needed. . . . [H]er situation does not justify Defendant's immediate release from [prison].").

Finally, when weighing all of Defendant's arguments under the court's discretion to consider "any extraordinary and compelling reason" for a sentencing reduction (unconstrained from the Sentencing Commission's policy statements), *Aruda*, 993 F.3d at 801, the court still finds that a sentencing reduction is not warranted by the facts presented in Defendant's Motion. *See, e.g.*, *United States v. Schmuel*, 2022 WL 623914, at *3 (S.D. Cal. Mar. 2, 2022) ("[Defendant's] adult son, who is attending law school, but has autistic symptoms, is full of anxiety because of [Defendant's] absence. Additionally, [Defendant's] wife is left caring for their minor son alone and is, thus, unable to help her ill brother and her elderly mother. Unfortunately, family members often are the most

9

hurt when a parent or spouse commits a crime.  The circumstances outlined by Defendant's spouse in her affidavit do not warrant Defendant's compassionate release."); *United States v. Ashrafkhan*, 2021 WL 2431716, at *4 (E.D. Mich. June 15, 2021) ("Defendant has also failed to cite any precedent showing that his wife's depressed mental state, likely temporary, immediately following the death of her youngest son constitutes incapacitation."); *United States v. Kimbrell*, 2020 WL 3972746, at *4 (M.D. Tenn. July 14, 2020) (finding that defendants' temporary blindness due to a treatable cataract was not an "extraordinary and compelling" reason justifying release).

For the reasons discussed above, a reduction of Defendant's sentence is not warranted under § 3582(c)(1)(A).

**D.     The Section 3553(a) Factors Do Not Support a Reduction of Defendant's Sentence**

Assuming *arguendo* that Defendant has established extraordinary and compelling reasons justifying a reduction of his sentence, the court would still deny a sentencing reduction because a reduction would be inconsistent with the factors in 18 U.S.C. § 3553(a).  The relevant § 3553(a) factors are: (1) "the nature and circumstances of the offense and the history and characteristics of the

defendant;"[4] and (2) "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a)(1)–(2).  Under the parsimony clause, the court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in § 3553(a)(2).  *Id.* § 3553(a).

       Defendant's offense is serious and was not committed under mitigating circumstances or for a compelling reason:  He and a co-defendant stole $504,500 under the care, custody, and control of the Bank of Hawaii and Central Pacific Bank.  PSR ¶¶ 12–15, 17, 22, ECF No. 49 at PageID ## 228–30.  Defendant was entrusted with guarding that money as an employee of the courier company that was responsible for transporting bank assets.  *Id.*  In that role, he engaged in the following conduct:  He dropped a key to the courier van in a parking lot, and while Defendant and his coworker were away from the van during a lunch break, a co-defendant picked up the key, unlocked the van, and stole numerous cash bags, which were later divided among the two defendants.  *Id.*  They achieved their goal of stealing the money but were later tracked down by law

---

[4] As part of the § 3553(a) analysis, the court considers Defendant's post-offense conduct, including his rehabilitation while in custody.  *See Pepper v. United States*, 562 U.S. 476, 491 (2011).

enforcement. *See id.* During the intervening period, however, Defendant spent his share of the stolen money on a motorcycle, a new computer, computer accessories, and strip clubs. PSR ¶ 15, ECF No. 49 at PageID # 229.[5]

To be sure, Defendant has no prior criminal history, PSR ¶¶ 42–47, ECF No. 49 at PageID # 222–23, does not have a history of substance abuse, PSR ¶¶ 60–61, ECF No. 49 at PageID ## 235–36, has been rated by the Bureau of Prisons as being at a "low risk" for recidivism, ECF No. 64-2 at PageID # 395, and has completed a handful of educational classes and work assignments, *see* ECF No. 64-7. But that history and those characteristics do not outweigh the nature and circumstances of Defendant's offense—a knowing conspiracy to steal a substantial amount of money from financial institutions, with blatant disregard for his duties as an employee of a courier company.

The seriousness of Defendant's offense, in turn, demands a sentence that will provide just punishment and deter further criminal conduct. Under § 3553(a)'s parsimony clause, the court finds that the previously imposed 18-month sentence is required to meet those sentencing goals. Defendant, having served only 6 months of that sentence, has not yet received a punishment fitting the seriousness of his offense or sufficient to deter criminal conduct. *See United States*

---

[5] Defendant also admitted to stealing an additional $14,836.87 of bank assets on a prior occasion while employed with the same courier company. PSR ¶ 16, ECF No. 49 at PageID # 229.

*v. Tanaka*, 2020 WL 6889167, at *4 (D. Haw. Nov. 23, 2020) (noting that "[d]efendant still has the majority of his sentence to serve," when denying compassionate release); *see also United States v. Hayes*, 2021 WL 4316113, at *7 (D. Haw. Sept. 22, 2021) ("A review of the caselaw demonstrates that the portion of the sentence already served by the defendant is a necessary factor for the Court to consider in evaluating compassionate release.").

After weighing the relevant § 3553(a) factors, the court finds that reducing Defendant's sentence would severely undermine the goals of sentencing set forth in § 3553(a)(2). The court also finds that Defendant's 18-month sentence is sufficient, but not greater than necessary, to comply with the purposes set forth § 3553(a)(2).

## IV. CONCLUSION

Defendant's Motion for Sentence Reduction Under the First Step Act (Compassionate Release), ECF No. 64, is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 16, 2022.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Kim*, Cr. No. 21-00044 JMS (01), Order Denying Defendant's Motion for Sentence Reduction (Compassionate Release), ECF No. 64